IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAHOGANY TABRON, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. CIV-20-994-SLP |
| MIKALAH POST, et al., | ) |
|       Defendants. | ) |

## O R D E R

Before the Court are the Report and Recommendation (R&R) [Doc. No. 7] of Magistrate Judge Shon T. Erwin and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Application) [Doc. No. 9]. This is Plaintiff's second filing requesting leave to proceed in forma pauperis (IFP).

Magistrate Judge Erwin recommends dismissal of this action due to Plaintiff's failure to comply with the Court's order directing her to cure deficiencies in her first IFP application – specifically, Plaintiff submitted a form governing actions filed by prisoners and she was directed to submit the form governing actions filed by non-prisoners. Subsequent to the filing of the R&R, Plaintiff filed the current Application under review on the proper form. The Court, therefore, declines to adopt the R&R.

Nonetheless, the Court finds the current Application is also deficient. Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). Whether to grant IFP status is a matter of the court's discretion and factors the court may consider in the exercise of that discretion

include "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citations omitted).

Fundamentally, to proceed IFP, the applicant must show a financial inability to pay the required filing fees. *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Thus, a plaintiff must submit an "affidavit" including a statement of all assets she possesses. *Id*. (finding 28 U.S.C. § 1915(a)'s affidavit requirement applies to all persons requesting leave to proceed IFP). This Court's local rules further require submission of a court-approved form. *See* LCvR 3.3(a). The form requires an applicant to sign the following statement: "I understand that a false statement or answer to any question in this declaration could subject me to penalties of perjury and/or may result in the dismissal of my claims pursuant to 28 U.S.C. § 1915(e)(2)(A)."

Here, Plaintiff, a non-prisoner appearing pro se, has inserted "N/A" as her answer to virtually every question on the Application.[1] She fails to identify a single source of income, a single asset, any regular monthly expenses, any dependents or any debts or other financial obligations. Based on Plaintiff's submission, she fails to demonstrate how she sustains herself or meets her obligations associated with the bare necessities of daily living. As such, Plaintiff fails to provide the Court with sufficiently detailed information to

---

[1] Plaintiff's initial application, submitted on an improper form, contained similar responses. *See* Application [Doc. No. 2].

determine that she is unable to pay the costs of litigation and has not shown that granting her the privilege of proceeding IFP is warranted. *See Lister*, 408 F.3d at 1311 (district court did not abuse its discretion in denying IFP status where plaintiff failed to set forth her income, her assets from all sources, and her expenses with sufficient specificity for the district court to evaluate her financial status).

IT IS THEREFORE ORDERED that the Court DECLINES to adopt the Report and Recommendation [Doc. No. 7].

IT IS FURTHER ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Application) [Doc. No. 9] is DENIED and Plaintiff is directed to pay the filing fee of $400.00 on or before December 1, 2020. Plaintiff is advised that failure to pay the filing fee on or before that date will result in the dismissal of this action, without prejudice.

IT IS SO ORDERED this 10th day of November, 2020.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE